UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY DREWS; ROLAND BRISTOL; E.B., <br><br> Plaintiffs, <br><br> -against- <br><br> VILLAGE OF SUFFERN; SUFFERN POLICE DEPARTMENT; GOOD SAM HOSPITAL, BON SECOURS MEDICAL GROUP, WHC, ROCKLAND PULMONARY & MEDICAL ASSOCIATES; SUFFERN CENTRAL SCHOOL DISTRICT; MIKE LAWLER, <br><br> Defendants. | 1:24-CV-6700 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Wendy Drews, the only plaintiff to have signed the complaint, appears *pro se* and filed this action asserting claims on her own behalf and also on behalf of her adult son, Roland E. Bristol, and her minor son, E.B.[1] On May 14, 2025, Plaintiff filed an amended complaint in another of her actions pending in this court in which she requests to withdraw this action. (ECF 1:24-CV-6696, 15, at 8.)

---

[1] Because Plaintiff Wendy Drews is the only plaintiff to have signed the complaint, the Court understands that she is the only true plaintiff in this action, and that she asserts claims on her own behalf and on behalf of the other named plaintiffs, Roland E. Bristol and E.B. The Court will, therefore, refer only to Plaintiff Wendy Drews as "Plaintiff" within this order.

Under Rule 5.2(a)(2) of the Federal Rules of Civil Procedure, a court submission must refer to a person's birth date by only revealing the person's birth year. Fed. R. Civ. P. 5.2(a)(2). A person waives the protection of this rule if they reveal, in their own submission, their own complete birth date. *See* Fed. R. Civ. P. 5.2(h). Plaintiff, in the complaint, however, reveals the complete date of birth of another person. For that reason, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

The Court grants Plaintiff's request to withdraw this action. The Court dismisses this action without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure. All pending motions are denied as moot.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 21, 2025
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge